*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-11-00630-CR

Kenneth **BATTS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR12771
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
           Steven C. Hilbig, Justice
           Marialyn Barnard, Justice

Delivered and Filed:  October 26, 2011

DISMISSED

Kenneth Batts entered into a plea bargain with the State, pursuant to which he pleaded nolo contendere to a felony offense. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Batts timely filed a notice of appeal. The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and that the trial court denied permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). We have reviewed the clerk's record, and the trial court's certification appears to accurately state that this is a plea bargain case and Batts does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

On September 13, 2011, we gave Batts notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal has been made part of the appellate record by October 13, 2011. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd)(not designated for publication). An amended certification showing Batts has the right to appeal has not been filed.

We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH